PER CURIAM.
May 5, 1960, The Florida Bar filed a complaint against F. Raymon Snyder, Jr., wherein it is alleged that during the years 1957 and 1958 the said F. Raymon Snyder, Jr., a member of The Florida Bar, was guilty of unprofessional conduct in the following particulars:
(a) The said F. Raymon Snyder did issue a check dated on or about September 4, 1957, to Carl L. Laks in the amount of Three Hundred Dollars ($300), drawn on The Coral Gables First National Bank of Coral Gables, Florida, and that his account, upon which said check was drawn, was insufficient to cover the amount of said check and that such condition was known by the accused attorney, or should have been known by him at the time said check was drawn and delivered.
(b) That the said F. Raymon Snyder, Jr., did issue a check to Sears, Roebuck and Co. on or about September 12, 1957, in the amount of Fifty Dollars ($50), drawn on The Coral Gables First National Bank of Coral Gables, Florida, when there were insufficient funds to the credit of said F. Raymon Snyder, Jr., to pay said check, which fact was known to him, or should have been known at the time said check was drawn and delivered.
(c) That F. Raymon Snyder, Jr., was the defendant in the Criminal Court of Record, Dade County, in Cases No. 34423, 34476, 34512, 34591, 34807, which were entitled State of Florida vs. F. Raymon Snyder, Jr., the charge in each said cause being the issuance of worthless checks in the respective amounts of $300, $285, $150, $200 and $300, with an attempt to defraud and to said charge or charges he did plead guilty and was adjudged guilty of each and every of said offenses, all of which took place in the years 1957 and 1958.
By reason of the foregoing, the said F. Raymon Snyder, Jr., violated the following:
(a) Canon 29 of the Canons of Ethics governing attorneys at law in that he did not uphold the honor of the profession.
(b) Rule 27 governing the conduct of attorneys at law in that he was guilty of deceit and wilful misconduct in his profession.
(c) Rule 28 governing the conduct of attorneys at law in that the foregoing acts constitute a felony involving moral turpitude under the laws of Florida.
(d) Rule 30 governing the conduct of attorneys at law in that he was guilty of conduct in the practice of his profession unbecoming an attorney at law.
(e) Rule 32 governing the conduct of attorneys at law in that he was guilty of acts forbidden and prohibited by law.
(f) Section 832, Florida Statutes, condemning the issuance of worthless checks.
The complaint prays that respondent be appropriately disciplined as provided by Article XI, Integration Rule of The Florida Bar.
The respondent answered the complaint denying the charges therein and in addition thereto proffered an affirmative defense. A referee took testimony on the issues so made and found that the charges against respondent were proven and that the affirmative defense raised by him was contrary to the facts proven by the testimony. *541 The referee recommended that respondent be suspended from the practice of law for five years, said period of suspension to begin November 1, 1957, and to continue through October 31, 1962, or until such time thereafter as respondent is granted a pardon for the offenses for which he plead guilty and was so convicted and that his application for reinstatement as a member of The Florida Bar be given favorable consideration.
The findings and recommendations of the referee were reviewed by the Board of Governors of The Florida Bar and the findings of fact were approved and adopted by them except as to the referee’s finding of guilt with reference to violating Canon 29 of the Canons of professional ethics and Rules 27 and 28 of the rules governing the conduct of attorneys at law in Florida, as to which they withheld approval because of insufficient support in the record. As to disciplinary action, the Board of Governors recommended that the action of the referee be modified to read that respondent be suspended from the practice of law in Florida for a period of one year; that respondent be taxed with the actual cost of this proceeding and that he remain suspended until he can show unto the Supreme Court of Florida and the Board of Governors of The Florida Bar that he has been fully rehabilitated.
The judgment of the Board of Governors of The Florida Bar entered in this cause November 25, 1960, and filed in this court November 30, 1960, with the record and all proceedings held herein came on to be reviewed by this court January 4, 1961.
The record and the judgment of the Board of Governors of The Florida Bar have been examined by this court. It Is Ordered that the judgment of the Board of Governors of The Florida Bar dated November 25, 1960, that respondent is guilty of unprofessional conduct and that he is suspended from the practice of law in the State of Florida for a period of one year and thereafter until such time that he can show unto the Supreme Court of Florida and the Board of Governors of The Florida Bar, pursuant to Section 5(1) of Article XI of the Integration Rule, that he has been fully rehabilitated and that he pay the cost of this proceeding in the sum of $140.55, be, and the same is, approved and adopted as the judgment of this court.
It is so ordered.
THOMAS, C. J., and TERRELL, HOBSON, THORNAL and O’CON-NELL, JJ., concur.